**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**KANSAS CITY DIVISION**

| | |
|---|---|
| GREAT PLAINS TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GREAT PLAINS ANNUITY MARKETING, INC. and RICHARD HELLERICH,<br><br>Defendants. | Civil No. 2:17-cv-2168 |

**COMPLAINT**

This is an action for counterfeiting, service mark infringement, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the common laws of the state of Kansas. Plaintiff Great Plains Trust Company, for its Complaint against Great Plains Annuity Marketing, Inc. and Richard Hellerich, alleges as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Great Plains Trust Company ("Great Plains") is a corporation duly organized under the laws of the State of Kansas with its principal place of business located at 7700 Shawnee Mission Parkway, Suite 101, Overland Park, Kansas 66202.

2. Upon information and belief, Defendant Great Plains Annuity Marketing, Inc. ("GPAM") is a Kansas business with a principal place of business at 10901 W. 84th Terrace, Suite 125, Lenexa, Kansas 66214.

3. Upon information and belief, Defendant Richard Hellerich is a resident of the state of Kansas, and is the President and a Director and Principal of Great Plains Annuity Marketing, Inc. Upon information and belief, Richard Hellerich directs and controls the daily activities of

Great Plains Annuity Marketing, Inc., including the use of its trade name and service mark in its advertising used in the promotion of its services. Collectively, Great Plains Annuity Marketing, Inc. and Richard Hellerich will be referred to hereafter as “Defendants.”

4. This Court has jurisdiction over the subject matter of this complaint under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), and over the unfair competition cause of action under 28 U.S.C. § 1338(b), and because there are federal questions.

5. This Court has specific and general personal jurisdiction over GPAM as it is a Kansas corporation with its principal place of business located in this judicial district in Kansas, which provides financial investment services to residents of Kansas and this judicial district.

6. Upon information and belief, Richard Hellerich, in the scope of his employment, directed the infringing activities of GPAM in Kansas, which were carried out in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims stated herein occurred in this judicial district and under 28 U.S.C. §1400(a) because Defendants are subject to personal jurisdiction in this judicial district.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### Great Plains and Its Service Marks

8. Great Plains is a wealth management and investment advisory firm. The primary services it provides include asset, pension, and trust management, but Great Plains also offers a wide variety of other, related services. These services include advisory services for individuals, families, business owners, and practicing professionals, such advice covering the areas of

investments, estates, wills, trusts, retirement plans, and foundations. Great Plains provides these services to clients throughout the United States.

9. Great Plains actively and prominently advertises and promotes its services under the service marks GREAT PLAINS TRUST® and GREAT PLAINS™ (collectively, the "GREAT PLAINS Marks") in connection with trust services and fund management.

10. GREAT PLAINS TRUST® was registered with the United States Patent and Trademark Office on September 21, 1999 (U.S. Registration No. 2,279,241), and under the provisions of 15 U.S.C. § 1065, became incontestable on March 16, 2006. Great Plains has disclaimed the exclusive right to use "TRUST" apart from the trademark GREAT PLAINS TRUST®, thereby establishing the phrase "GREAT PLAINS" as the distinctive portion of GREAT PLAINS TRUST®. GREAT PLAINS TRUST® is presently alive, in good standing, unrevoked, and uncancelled. The certificate of registration attached to this Complaint as Exhibit A is *prima facie* evidence of Great Plains' ownership of GREAT PLAINS TRUST®, the validity of the mark, the incontestability of the mark, and Great Plains' exclusive right throughout the United States to use the mark in connection with the services identified therein. Additionally, registration of GREAT PLAINS TRUST® on the principal register served as constructive notice to all other parties that Great Plains is the exclusive owner throughout the United States of the trademark GREAT PLAINS TRUST® used in connection with trust services and fund management.

11. Over the course of the past twenty-three years, Great Plains has marketed its financial advisory services under the GREAT PLAINS Marks through a variety of media. Great Plains has spent considerable time, resources, money, and effort developing distinctive and effective marketing strategies, forms of advertisement, and slogans, which Great Plains has used

actively, continuously, and prominently in interstate commerce in connection with its financial advisory services under the GREAT PLAINS Marks.

12. In addition to the certificate of registration referenced in paragraph 9, and by virtue of extensive sales, advertising, and promotion of its services under the GREAT PLAINS Marks, Great Plains has acquired extensive common law trademark rights throughout the United States. In the minds of Great Plains' customers, potential customers, and even members of the general public, the GREAT PLAINS Marks specifically bring to mind Great Plains and the favorable recognition and substantial goodwill associated with Great Plains.

13. At all relevant times, Great Plains has continuously, actively, and prominently promoted the GREAT PLAINS Marks on the storefront sign for the Great Plains brick and mortar location, and in all of its online and print advertisements and promotional materials. Accordingly, the GREAT PLAINS Marks serve to identify Great Plains as the source of the services on which they are used.

**GPAM's and Richard Hellerich's Infringing Conduct**

14. Notwithstanding Great Plains' rights in its GREAT PLAINS Marks, Defendants have, without Great Plains' authorization or permission, formed a corporation in the State of Kansas under the name "Great Plains Annuity Marketing, Inc.," and conduct business under such name and utilize the service marks GREAT PLAINS, GREAT PLAINS ANNUITY & LIFE MARKETING, and GREAT PLAINS ANNUITY AND LIFE MARKETING, which constitutes infringement upon Great Plains' Marks.

15. GPAM is an organization that markets and sells advisory services to insurance advisors and financial institutions in connection with annuity investments and life insurance.

16. Upon information and belief, GPAM is a closely-held private corporation.

17. Richard Hellerich is the President of and a Director of GPAM. Upon information and belief, Mr. Hellerich directed the marketing and use of the Infringing Marks.

18. GPAM owns and operates a website to promote and market its services, accessible at http://www.greatplainsannuity.com ("GPAM's Website"). A true and accurate copy of the "Home" page of GPAM's Website is attached to this Complaint as Exhibit B.

19. GPAM prominently displays the service marks GREAT PLAINS ANNUITY & LIFE MARKETING, and GREAT PLAINS ANNUITY AND LIFE MARKETING throughout GPAM's Website. GPAM also prominently markets itself in a shorthand name as "GREAT PLAINS." GPAM'S service marks, GREAT PLAINS ANNUITY & LIFE MARKETING, GREAT PLAINS ANNUITY AND LIFE MARKETING, and GREAT PLAINS, are collectively referred to as the "Infringing Marks."

20. Upon Great Plains' recent discovery of GPAM's business and GPAM's use of the Infringing Marks in connection with similar and related services offered by Great Plains, Great Plains sent GPAM a letter to try and amicably resolve the matter. In response to Great Plains' cease and desist letter and subsequent attempts to come to a fair resolution between the two parties, GPAM has firmly stated that it does not intend to stop its present use of the Infringing Marks.

21. As a result of GPAM's use of the Infringing Marks to market, distribute, and sell its financial advisory services, consumers are likely to be confused such that consumers will erroneously believe that GPAM is affiliated, connected, or associated with or sponsored by or in some way related to Great Plains and the services provided by Great Plains under the GREAT PLAINS Marks.

22. GPAM's unlawful activities have resulted in significant damage to Great Plains and, as Great Plains has no adequate remedy at law, unless restrained by this Court, GPAM's

unlawful activities will continue to result in unjust enrichment to GPAM and serious and irreparable harm and injury to Great Plains.

**Count 1 –Trademark Counterfeiting**
**15 U.S.C. § 1114**

23. Great Plains incorporates by reference the statements and allegations of each of the above paragraphs as if fully set forth herein.

24. As fully set forth in paragraph 9 of this Complaint, Great Plains owns the registered trademark, GREAT PLAINS TRUST® (the "GREAT PLAINS Registered Mark").

25. Great Plains has used the GREAT PLAINS Registered Mark continuously and consistently for an extended period of time to advertise its services. Great Plains' use of the GREAT PLAINS Registered Mark in interstate commerce has indelibly impressed on the consuming public's minds the impression that the GREAT PLAINS Registered Mark identifies Great Plains as the source of its goods and services. Thus, the GREAT PLAINS Registered Mark serves to identify Great Plains as the source of the goods and services bearing the GREAT PLAINS Registered Mark because the relevant consumers have come to associate the GREAT PLAINS Registered Mark with Great Plains.

26. After Great Plains first began using the GREAT PLAINS Registered Mark, GPAM adopted and used, and continues to use, the Infringing Marks to advertise services provided by Defendants, as evidenced by the domain name for GPAM's Website and throughout the various webpages of GPAM's Website.

27. As alleged above, Defendants have used and continue to use spurious designations that are identical with, or substantially indistinguishable from, the GREAT PLAINS Registered Mark on services covered by the registration for the GREAT PLAINS Registered Mark.

28. Defendants have intentionally and willfully used, and continue to intentionally and willfully use, these spurious designations without authorization and knowing they are counterfeit, in connection with the advertising, sale, and offering for sale services for Defendants' private financial gain, and such intentional and willful conduct by Defendants makes this an exceptional case.

29. Defendants' unauthorized use of the GREAT PLAINS Registered Mark as set forth above is likely to:

a. Cause confusion, mistake, and deception;

b. Cause the public to believe that Defendants' counterfeit services are the same as Great Plains' services and/or that GPAM is authorized, sponsored, or approved by Great Plains and/or that GPAM is affiliated, connected, or associated with or in some way related to Great Plains; and

c. Result in Defendants unfairly benefiting from Great Plains' advertising and promotion, and profiting from the reputation of Great Plains' advertising and promotion, and profiting from the reputation of Great Plains and the GREAT PLAINS Registered Mark.

All of which is to the substantial and irreparable injury to the public, Great Plains, and the GREAT PLAINS Mark and the substantial goodwill represented thereby.

30. Defendants' acts as set forth herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Such conduct entitles Great Plains to injunctive relief, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees, or, at Great Plains' election, statutory damages of up to $2,000,000 per counterfeit

mark per type of or services advertised, sold, and/or offered for sale, pursuant to 15 U.S.C. § 1117(c)(2).

**Count 2 –Trademark Infringement**
**15 U.S.C. § 1114**

31. Great Plains incorporates by reference the statements and allegations of each of the above paragraphs as if fully set forth herein.

32. Defendants' unauthorized use of the Infringing Marks, including use in the domain name for GPAM's Website and on the webpages accessible on GPAM's Website, to identify GPAM's services constitutes use of a copy and colorable imitation of the GREAT PLAINS Registered Mark, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the services of GPAM emanate from the same source as the services provided by Great Plains, or that there is some connection, sponsorship, or affiliation between the services of Great Plains and GPAM, all of which are contrary to fact.

33. Because there is no connection, sponsorship, affiliation, or relation between Great Plains and GPAM, Great Plains does not have control over the nature and quality of the services offered by GPAM. Any failure, neglect, or default by GPAM in providing services will reflect adversely on Great Plains as the believed source or origin thereof, which will hinder Great Plains' effort to continue to protect its outstanding reputation in the industry and subject Great Plains to loss of sales and service and the considerable expense to promote its services in association with the GREAT PLAINS Registered Mark, all to the irreparable harm of Great Plains.

34. Defendants' conduct constitutes an infringement of the GREAT PLAINS Registered Mark, and is actionable under the provisions of 15 U.S.C. § 1114.

35. Upon information and belief, Defendants have deliberately and willfully infringed the GREAT PLAINS Registered Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Great Plains has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Defendants from their continuing infringement pursuant to 15 U.S.C. § 1116.

36. Upon information and belief, Defendants are willfully infringing the GREAT PLAINS Registered Mark. As a result of Defendants' deliberate and willful infringement of the GREAT PLAINS Registered Mark, Great Plains is entitled to damages, Defendants' profits, attorneys' fees and costs, and any and all other relief authorized by 15 U.S.C. § 1117.

**Count 3 – False Designation of Origin**
**15 U.S.C. § 1125**

37. Great Plains incorporates by reference the statements and allegations of each of the above paragraphs as if fully set forth herein.

38. Defendants' conduct as recited herein, including the unauthorized use of the Infringing Marks on and in connection with Defendants' services and GPAM's Website and the "greatplainsannuity.com" domain name constitutes a false designation of origin, in that the use of the distinctive words GREAT PLAINS in connection with the financial advisory services of GPAM is likely to cause confusion, to cause mistake, or to deceive others as to the affiliation, connection, or association of GPAM with Great Plains, or as to the origin, sponsorship, or approval of its services and commercial activities with Great Plains, and constitutes a violation of 15 U.S.C. § 1125(a).

39. Upon information and belief, Defendants' conduct is willful and intentional with the purpose of misleading the public into believing that the services of GPAM are in some way sponsored by, affiliated with, or connected to the services provided by Great Plains under the

GREAT PLAINS Registered Mark, all of which are contrary to fact. Great Plains has been and will continue to be irreparably harmed by Defendants' conduct unless this Court enjoins Defendants from its unlawful conduct pursuant to 15 U.S.C. § 1116.

40. As a result of Defendants' deliberate and willful conduct, Great Plains is entitled to damages, Defendants' profits, attorneys' fees and costs, and any and all other relief authorized by 15 U.S.C. § 1117.

## Count 4 – Unfair Competition
## 15 U.S.C. § 1125

41. Great Plains incorporates by reference the statements and allegations of each of the above paragraphs as if fully set forth herein.

42. Great Plains uses the GREAT PLAINS Registered Mark to identify it as the source of financial advisory services and wealth investment management services.

43. As a result of the facts alleged above, Great Plains has developed the GREAT PLAINS Registered Mark to be closely associated with, and is an indication of source of origin of, the services rendered by Great Plains. The GREAT PLAINS Registered Mark has acquired a substantial and favorable reputation and goodwill in connection with the services provided by Great Plains.

44. Defendants' unauthorized use of the GREAT PLAINS Registered Mark in advertising is likely to, and upon information and belief is intended to, cause confusion or mistake or to deceive as to the affiliation, connection, or association of GPAM with Great Plains, or the possible origin, sponsorship, or approval of GPAM's services by Great Plains.

45. Defendants' unauthorized use of the GREAT PLAINS Registered Mark is a misrepresentation that GPAM is affiliated with Great Plains, which constitutes unfair competition with Great Plains.

46. Upon information and belief, Defendants have deliberately and willfully committed acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. Defendants' conduct has irreparably harmed, and continues to irreparably harm Great Plains.

47. Unless Defendants are restrained and enjoined, Great Plains will suffer further and irreparable damage for which Great Plains has no full and adequate remedy at law. As a result of Defendants' deliberate and willful ongoing conduct, Great Plains is entitled to damages, Defendants' profits, attorneys' fees and costs, and any and all other relief authorized by law.

**Count 5 – Trademark Infringement and Unfair Competition Under Kansas Common Law**

48. Great Plains incorporates by reference the statements and allegations of each of the above paragraphs as if fully set forth herein.

49. Defendants' acts have created, and unless restrained by this Court, will continue to create, a likelihood of consumer confusion and deception of the consuming public, causing irreparable injury to Great Plains for which Great Plains has no adequate remedy at law.

50. Defendants' conduct constitutes trademark infringement and unfair competition under the common law of Kansas by a deliberate course of conduct, all without authorization, license, privilege, or justification.

51. Defendants have acted and continue to act with full knowledge of Great Plains' use and ownership of the GREAT PLAINS Marks and without regard to the likelihood of consumer confusion and deception of the public created by those activities.

52. Defendants' conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Great Plains and the GREAT PLAINS Marks, to the substantial and irreparable injury of Great Plains.

53. As a result of Defendants' acts, Great Plains has been damaged and will continue to be damaged in an amount not as yet determined or ascertainable. At a minimum, however, Great Plains is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorneys' fees, the costs of this action, and any and all other relief authorized by law.

## **Prayer for Relief**

WHEREFORE, Great Plains Trust Company demands a judgment against Defendants Great Plains Annuity Marketing, Inc. and Richard Hellerich, and prays that this Court:

a. Adjudge the GREAT PLAINS Marks have been infringed by Great Plains Annuity Marketing, Inc. and Richard Hellerich in violation of Great Plains Trust Company's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and applicable Kansas common law;

b. Adjudge that Great Plains Annuity Marketing, Inc.'s and Richard Hellerich's activities have competed unfairly in violation of Great Plains Trust Company's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and applicable Kansas common law;

c. Adjudge that Great Plains Annuity Marketing, Inc. and Richard Hellerich, and their officers, directors, members, managers, agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, be enjoined and restrained at first during the pendency of this action and then thereafter permanently from using the GREAT PLAINS Marks in connection with its business, whether used in connection with internet based

advertising, promotional, or informational activity, or whether printed in hard copy, or in any other format, including but not limited to the following:

i. Great Plains;

ii. Great Plains Annuity Marketing, Inc.;

iii. Great Plains Annuity & Life Marketing;

iv. Great Plains Annuity and Life Marketing;

v. Greatplainsannuity.com; and

vi. Any other mark, image, or text that is likely to cause confusion, mistake, or deception, on or in connection with any product or service that is not authorized by or for Great Plains Trust Company;

d. Order Great Plains Annuity Marketing, Inc. and Richard Hellerich to deliver up for destruction to Great Plains Trust Company all unauthorized advertisements and materials used in rendering services that are in their possession or under their control bearing the Infringing Marks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, pursuant to 15 U.S.C. § 1118;

e. Order Great Plains Annuity Marketing, Inc. and Richard Hellerich to immediately transfer to Great Plains Trust Company, without consideration, the domain name registrations owned by Great Plains Annuity Marketing, Inc. and Richard Hellerich that are confusingly similar to the GREAT PLAINS Marks;

f. Grant to Great Plains Trust Company, should Great Plains Trust Company so elect, an award of statutory damages, pursuant to 15 U.S.C. § 1117(c), of up to $2,000,000 for each counterfeit that Great Plains Annuity Marketing, Inc. and Richard Hellerich have willfully counterfeited and infringed;

g. Grant to Great Plains Trust Company an award and accounting of Great Plains Annuity Marketing, Inc.'s and/or Richard Hellerich's profits, any damages sustained by Great Plains Trust Company, and that all profits or damages be trebled, the costs of this action, and Great Plains Trust Company's attorneys' fees, pursuant to 15 U.S.C. § 1117;

h. Award Great Plains Trust Company punitive damages for Great Plains Annuity Marketing, Inc.'s and Richard Hellerich's acts of unfair competition; and

i. Grant to Great Plains Trust Company such further relief as may be equitable and proper.

**Jury Demand**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Great Plains Trust Company hereby demands a trial by jury.

Dated: March 21, 2017

Respectfully Submitted,

s/ *Cheryl L. Burbach*

Cheryl L. Burbach, KS Bar #23,592
Joan Optican Herman, KS Bar #13578
C. Blair Barbieri KS Bar #27090
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647-9050
F: (913) 647-9057
cburbach@hoveywilliams.com

ATTORNEYS FOR PLAINTIFF
GREAT PLAINS TRUST COMPANY